# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARIS ERIC LARSON, SR., | |
| Plaintiff, | Case No. 3:23-cv-00030-SLG |
| v. | |
| RYAN KWON, DEMETRIUS KARGAS, and the YUKON-KUSKOKWIM MEDICAL ADVISORY COMMITTEE, | |
| Defendants. | |

## ORDER DIRECTING SERVICE AND RESPONSE

Self-represented state prisoner, Daris E. Larson, Sr. ("Plaintiff") filed a civil rights complaint ("Complaint") against Superintendent Ryan Kwon, Superintendent Demetrius Kargas, and unidentified members of the "Medical Advisory Committee" for the Yukon-Kuskokwim Correctional Center and has paid the filing fee.[1] The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A. Liberally construed[2], the Complaint appears to state a plausible claim for violations of Plaintiff's federal constitutional rights. This means that the claims will not be

---

[1] Docket 1 at 1-2.

[2] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

summarily dismissed at this time but may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1343.

The Court finds that Plaintiff's Complaint includes a claim against unidentified individuals that are sufficiently cognizable to survive this initial screening inquiry.[3] Although courts do not generally favor actions against unknown "Doe" defendants, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint, but may be discoverable later.[4] Once Plaintiff ascertains the names of each presently unidentified Defendant in this action, he should file a motion to substitute that adds that named Defendant as a party to this action. Plaintiff is cautioned that any unidentified defendant(s) will ultimately be dismissed from this action.

**IT IS THEREFORE ORDERED:**

1. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

---

[3] Claim 1 "Yukon-Kuskokwim/Correction 'Medical Dept.'" as Defendants.

[4] See *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (citations omitted).

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 2 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 2 of 8

2. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[5] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

3. Prior to docketing this order, the Clerk of Court shall provide electronic notice via CM/ECF to the State of Alaska, Civil Division, of all orders and documents issued in this case.

4. The Attorney General has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendants. The Clerk of Court shall immediately send a copy of this order and the Complaint to:

> Mark Cucci
> Chief Assistant Attorney General
> State of Alaska Department of Law
> 1031 West 4th Avenue, Suite 200
> Anchorage, AK 99501-1994

---

[5] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 3 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 3 of 8

5. On or before 21 days from the date of service of this order, the Attorney General for the State of Alaska or his designee shall file an appearance for each named Defendant that the Attorney General has decided to represent.

6. Each Defendant represented by the Attorney General for the State of Alaska shall have 60 days after the entry of appearances to file an Answer or otherwise respond.[6] The Court will issue an additional order with service instructions for any Defendant that the Attorney General of the State of Alaska has not appeared for.

7. After service of the Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of the first the Defendant, and the title of the document, as illustrated on the first page of this order.[7]

8. Plaintiff shall serve a copy of all further filings submitted to the Court upon each Defendant or, if an appearance has been entered by counsel a Defendant, on the Defendant's attorney(s). Plaintiff shall include, with any

---

[6] See Fed. R. Civ. P. 4(d)(3).

[7] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 4 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 4 of 8

original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to each Defendant or Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date of delivery for mailing to correctional officer).
>
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge which does not include a Certificate of Service indicating that each Defendant was served with a copy of that document will be disregarded by the Court.

9. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

10. A motion should contain the information identified in the caption of this order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.1(b) requires that motions be filed with a proposed order that the Court can issue, if the motion is granted. The

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 5 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 5 of 8

proposed order helps to clarify what the moving party is asking the Court to do.

11. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

12. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 6 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 6 of 8

13. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[8] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice.

14. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. Contact the Clerk's Office for questions regarding procedure or assistance accessing legal forms and resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

15. Plaintiff is warned that if a Defendant prevails in this action, Plaintiff may be ordered to pay costs and attorney's fees to that Defendant.

---

[8] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 7 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 7 of 8

16. The Clerk of Court is directed to send Plaintiff a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," and the Court's Motion form (PS15) with this order.

DATED this 19th day of May, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00030-SLG, *Larson v. Kwon, et al.*
Order Directing Service and Response
Page 8 of 8
Case 3:23-cv-00030-SLG   Document 4   Filed 05/19/23   Page 8 of 8